■ MORRIS PARK CONTRACTING COMPANY, INC., Respondent, v RELIANCE EQUIPMENT CO., Appellant.—In an action to recover damages for breach of certain contracts, the defendant appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), dated July 15, 1983, which, after a nonjury trial, is in favor of the plaintiff and against it in the principal sum of $22,470.

Judgment modified, on the facts, by reducing the award of damages to the principal sum of $17,672. As so modified, judgment affirmed, without costs or disbursements, and matter remitted to the Supreme Court, Westchester County, for the entry of an appropriate amended judgment.

The plaintiff was the general contractor for the rehabilitation of a New York City police station. The defendant entered into two subcontracts with the plaintiff to supply lockers and metal shelving, respectively, in connection with the rehabilitation. The defendant breached its subcontracts and the plaintiff was forced to enter into a subcontract with another supplier to obtain conforming goods.

By the express terms of the subcontract entered into by plaintiff to "cover" the losses sustained by it as a result of defendant's breach, the $44,400 price for the metal lockers included $3,723 for their installation. Therefore, the trial court erred in computing damages under the first cause of action when it subtracted the $25,250 base contract price of the locker subcontract breached by the defendant, which did not include an installation fee, from the $44,400 cover subcontract price. The correct computation of damages under the first cause of action is as follows: $40,677 (which is $44,400 − $3,723) minus $25,250, which equals $15,427.

As to the second cause of action, for breach of the shelving subcontract, the trial court erred in computing damages for defendant's breach when it subtracted the base subcontract price of $3,040, which did not include the cost of unloading

and installation, from the cover subcontract price of $6,360, which included those items. The record contains evidence that the reasonable cost of labor for unloading was $145 and for installation was $930. Therefore, the correct amount of damages under the second cause of action is $5,285 ($6,360 − $1,075) minus $3,040, which equals $2,245.

Thus, the principal amount of the award is reduced to $17,672. Lazer, J. P., Thompson, Weinstein and Niehoff, JJ., concur.